CURTIS B. DANNING, AS TRUSTEE IN BANKRUPTCY FOR C. S. HINES, JR.; JEROME B. ROSENTHAL, INDIVIDUALLY; AND ROSENTHAL & GREEN, A LAW FIRM, APPELLANTS, v. LUM'S, INC., A NEVADA CORPORATION, AND LUM'S, INC., A FLORIDA CORPORATION, RESPONDENTS.

No. 6187

December 16, 1970                    478 P.2d 166

[Rehearing denied February 10, 1971]

*James L. Buchanan, II,* of Las Vegas, and *William VanDer-creek,* of Dallas, Texas, for Appellants.

*Lionel, Sawyer & Wartman,* of Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district court that granted respondents' motion to dismiss appellants' second amended complaint on the ground that the complaint failed to state a claim upon which relief could be granted. NRCP 12(b).[1] We affirm the order of dismissal.

The appellants commenced this action in the district court to recover moneys allegedly owed them by one Jay J. Sarno, who was instrumental in promoting and building the Caesar's

---

[1] NRCP 12(b):

"(b) [*Defenses and Objections*—] *How Presented.* Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (5) failure to state a claim upon which relief can be granted, . . ."

Palace Hotel in Las Vegas.[2] The respondent corporations were named parties defendant because, as the complaint alleges, "Caesar's Palace is under an agreement or contract of sale to be sold to LUM'S INC.,"[3] and appellants sought to impress a constructive trust for their benefit on any moneys due Sarno as a result of the sale.

It is true that under our modern rules of civil procedure a liberality is extended to the pleader that was not previously permissible. Even so, the complaint must allege facts sufficient to establish all the necessary elements of the cause of action upon which recovery is predicated. See Thurston v. Setab Computer Institute, 48 F.R.D. 134 (S.D.N.Y. 1969); Shakespeare v. Wilson, 40 F.R.D. 500 (S.D. Cal. 1966). The reason for the rule has been well set forth in Daves v. Hawaiian Dredging Co., 114 F.Supp. 643, 645 (D. Hawaii 1953), where the court stated:

"Thus it seems to be the purpose of Rule 8 to relieve the pleader from the niceties of the dotted *i* and the crossed *t* and the uncertainties of distinguishing in advance between evidentiary and ultimate facts, while still requiring, in a practical and sensible way, that he set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery. [Citations.] *Therefore, if a pleader cannot allege definitely and in good faith the existence of an essential element of his claim, it is difficult to see why this basic deficiency should not be exposed at the point of minimum expenditure of time and money by the parties and the court."* (Emphasis added.)

It is Lum's, Inc.'s position that appellants' complaint is fatally defective because it fails to allege the existence of a res upon which a constructive trust could be imposed; and that before one seeks to impress such a trust, the property must be in existence and described in the complaint. We agree.

---

[2] The action is still pending against Mr. Sarno in the district court.

[3] Paragraph X of Second Amended Complaint:

"That Caesar's Palace is under an agreement or contract of sale to be sold to LUM'S INC., a Florida corporation, and possibly to other subsidiaries or assignees of LUM'S INC. for a reported consideration of some $60,000,000.00, and Defendant, SARNO, has refused to account for such proceeds payable to him or on his behalf or to otherwise satisfy his fiduciary duties and obligations to the other interested Cabana parties. That Defendants, LUM'S INC., a Florida corporation, has noticed that the property included for the sale is subject to the constructive trust as alleged herein."

A constructive trust has been defined as a remedial device by which the holder of legal title to property is held to be a trustee for the benefit of another who in good conscience is entitled to it. The requirement that a constructive trustee have title (not mere possession) to the property involved is critical to the imposition of a constructive trust. See Cherno v. Dutch Am. Mercantile Corp., 353 F.2d 147 (2d Cir. 1965); Thompson v. Mobile Producing Co., 163 F.Supp. 402 (D. Mont. 1958); G. Bogert, Law of Trusts 208 (4th ed. 1963).

It is in paragraph X, supra, of the complaint that the appellants have set forth the principal allegations constituting the basis for their claim against Lum's, Inc. Nowhere in that paragraph, or in the complaint, do we find any description of a res upon which a trust could be imposed. At most, it is asserted that "Caesar's Palace is under an agreement or contract of sale to be sold to LUM'S INC., . . ." Appellants ask the court to impose a constructive trust on the payments due Sarno from Lum's, Inc. as a result of the sale. Such payments are Lum's, Inc's liabilities. A liability does not constitute property that may be subject to a constructive trust. As the court ruled in Bradford v. Chase Nat'l Bank, 24 F.Supp. 28, 34 (S.D.N.Y. 1938), aff'd sub nom., Berger v. Chase Nat'l Bank, 105 F.2d 1001 (2d Cir. 1939), aff'd, 309 U.S. 632 (1939):

"There must be an asset—whether it be land, a chattel, or a chose in action—in order to have a trust of any kind, express, implied in fact, or impressed by law.

" . . .

"*As it is impossible to make a res out of a liability or to impress a trust thereon,* all the plaintiffs' suits must necessarily fail." (Emphasis added.)

The order of the district court dismissing the complaint for failure to state a claim against respondents Lum's, Inc. is affirmed.

ZENOFF, BATJER, and THOMPSON, JJ., and GEZELIN, D. J., concur.