Virginia Mitchell **BAILEY** and Joseph
Grover Mitchell, Jr.

v.

**SABINE RIVER AUTHORITY, STATE
OF LOUISIANA.**

**Civ. A. No. 13900.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Dec. 27, 1971.

T. Haller Jackson, Jr., Tucker, Martin,
Holder, Jeter & Jackson, Shreveport,
La., Spitzberg, Mitchell & Hays, Little
Rock, Ark., for plaintiffs.

Thomas W. Leigh, Theus, Grisham,
Davis & Leigh, Monroe, La., for defend-
ant.

## MEMORANDUM ORDER

DAWKINS, Chief Judge.

This diversity suit is brought as a
class action by plaintiffs, individually
and on behalf of others similarly situat-
ed, to require the Sabine River Authori-
ty (SRA), a Louisiana corporation, to
compensate mineral owners for inundat-
ing thousands of acres, which has made
development there unfeasible.

Under Rule 23(c) (1) of the Federal
Rules of Civil Procedure, we must deter-
mine whether the cause is properly
presented and maintainable as a class

action. Accordingly, we apply the tests specifically established by Rule 23.

Plaintiffs allege that the SRA has expropriated lands under its eminent domain powers, and then inundated the properties with waters dammed by the Toledo Bend Dam. The huge reservoir created by the SRA has covered lands in varying depths, resulting in differing difficulties to hydrocarbon exploration.

A consent decree was entered December 20, 1968, in this Court, compensating Virginia M. Bailey and Joseph G. Mitchell for the loss of production in certain oil and gas wells.

Defendant contends that at issue in the suit is "[w]hether or not the price paid for the plaintiffs' lands by virtue of the deed . . . took account of the potential difficulties and expense in exploring for . . . hydrocarbons from lands overlain by water; . . . ." It is admitted that substantially the same phraseology was used in numerous deeds translative of titles in the area. However, there is serious doubt as to the understanding surrounding each conveyance. SRA insists that many of the contracts included compensation for the release of mineral servitude rights while only perpetual mineral interests were reserved.

In order to proceed as a class action, plaintiffs must satisfy all four requisites in Rule 23(a) and also fall within one of the subsections of 23(b).

Assuming, without deciding, that plaintiffs' complaint is not found lacking when tested by 23(a), we conclude that 23(b) precludes use of the class action vehicle. We believe that 23(b) (1) (A) is not applicable to the factual situation. Circuit Judge Medina wrote in Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir., 1968):

"Plaintiff has effectively rebutted his own argument because he admits that individual actions could not be brought as the small claimants who constitute the entire class could not, on an individual basis, afford the expense of lengthy anti-trust litigation. Under these circumstances there is little danger that individual suits will establish 'incompatible standards of conduct' for the defendants."

It is not the purpose of the class action to save every suit from dismissal because it is too insignificant to receive its own day in federal court.

Likewise, 23(b) (3) does not preserve this suit for hearing by us as a class action. We do not find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." A judgment in favor of class-action plaintiffs should settle decisively the entire controversy. All that should remain is for the other members of the class to file proof of their claim.

In the case under consideration, however, we would be called upon to examine the circumstances surrounding each claimant's understanding of the contract. Clearly this situation would rapidly deteriorate into multiple law suits separately tried, which is precisely what Rule 23(b) (3) prohibits. Amendments to Rules of Civil Procedure, Advisory Committee's Notes, 39 F.R.D. 69, 103 (1966).

Superficially, the pleadings present grounds for a class action which conveniently and conclusively would adjudicate the claims of the parties. Nonetheless, our review of *this action* leads us to conclude that a foreseeable consequence of maintenance of this suit as a class action is a myriad of suits, each requiring individual attention. Since we find that not only is there no predominance of common over individual issues but also that a class action is not superior to oth-

er available methods for the fair and efficient adjudication of the controversy, Rule 23(b) (3) is not satisfied and the suit may not be maintained as a class action. Rogers v. Coburn Finance Corporation of Dekalb, 53 F.R.D. 182 (N.D. Ga., 1971). Insofar as the suit seeks to maintain a class action, it is dismissed.*

See also D.C., 329 F.Supp. 211.

---

* See City of Philadelphia v. American Oil Co., 53 F.R.D. 45 (D.N.J., 1971), for a fairly exhaustive study of the applicability of Rule 23 to anti-trust actions.

See also Northern Natural Gas Co. v. Grounds, 292 F.Supp. 619 (D.Kans. 1968).