Robert F. ARNESEN, on behalf of himself and all others similarly situated, Plaintiffs,

v.

The RAYMOND LEE ORGANIZATION, INC., et al., Defendants.

No. 71–1520.

United States District Court, C. D. California.

Feb. 15, 1973.

See also D.C., 333 F.Supp. 116.

**146**

Norman G. Axe, Beverly Hills, Cal., for plaintiffs.

Adams, Duque & Hazeltine, Richard T. Davis, Jr., Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER

DAVID W. WILLIAMS, District Judge.

Plaintiff filed what purports to be a class action against defendants for unauthorized representations as a patent practitioner (35 U.S.C. § 33) and for false representation of services in interstate commerce under the Lanham Act (15 U.S.C. § 1125(a)). He alleges that The Raymond Lee Organization, Inc. (RLO) is a business which purports to provide a complete service package to inventors, including the protection of the invention, and which attempts to place the invention in industry so as to enhance its possibilities of commercial success. Defendants performed their services for a fee and a percentage interest in the invention. Plaintiff alleges that RLO advertised its services in national publications and offered to prepare patent applications for inventors, assist them in technically developing and refining the invention and aid in the preparation of patent drawings and descriptions to establish a "patent pending" status. Defendant's advertisement further is alleged to suggest that it as-

sists the inventor by preparing a sales letter and prospectus for him and in aiding the introduction of the invention to industry. In its letter contract submitted to Arnesen the defendant disclaimed that it is a registered patent attorney or agent, but indicates that its services are so complete that no other outside services are needed by the inventor. This may properly be referred to as the pre-January 1971 form of agreement. In January, 1971, the wording of the form of contract defendant would submit to its prospective clients was changed and the materiality of these changes assumes some significance in a consideration of whether this case should be allowed to proceed as a class action.

Approximately 17 months after filing his complaint the plaintiff moved to qualify this litigation as a class action. Rule 23(c)(1) provides in pertinent part:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

Defendants have filed opposition to the motion of plaintiff and among other things urge that the motion is untimely. There may be some merit to this contention but this ruling is not based upon untimeliness of filing inasmuch as the plaintiff has vigorously prosecuted his litigation to this point, and the wide range of discovery that has been the product of his efforts provides a broad base for a full consideration of this motion.

Other points raised by defendants seem to have more merit and compel the conclusion that the litigation should not be allowed to proceed as a class action for reasons which I will discuss.

## ASCERTAINMENT OF A CLASS OF WHICH PLAINTIFF IS A MEMBER

■■ It is necessary to the maintenance of a class action that there be an ascertainable defined class, Sharp v. Hilleary Franchise Systems, Inc., 56 F.R.D. 34, 36 (E.D.Mo.1972). Plaintiff has failed to define and identify an ascertainable class and to show that he is a member of such class. His complaint (paragraph 3) alleges the class to be clients who have dealt with defendants and for whom defendants have prepared patent applications. A very viable issue in this suit is whether defendants ever prepared a patent application for plaintiff or anyone else, it being defendant's position that the patent application was prepared by a registered patent attorney, not a part of defendant's organization, retained to do the work. No evidence contradicting this has been presented by plaintiff. Before the gigantic and complex as well as expensive mechanism of a class action ought to be instituted, there should first be demonstrated some fair assurance that plaintiff can prevail at trial. He has failed to show in support of his motion that there exists a substantial probability that there has been a violation of 35 U.S.C. § 33.

## COMMON QUESTIONS OF LAW OR FACT

■ A careful review of the evidence produced through pretrial discovery persuades that one of the most important prerequisites to the maintenance of a class action does not exist, viz., the existence of common questions of fact or law, Rule 23(a)(2). The defendants used one form of contract for its dealings with its clients prior to January of 1971 and another form since that date. Many of its clients signed the earlier form and a great number of them signed the later form. Plaintiff's contract was a pre-January 1971 agreement and he proposes a class consisting of both sets of contracting parties. Varying meanings and interpretations are possible to be drawn by different inventors touching on whether defendant was to prepare formal patent drawings and original description of the invention or have

others do this work. Individual inquiry would be required to determine each client's understanding of the terms of his contract. The fact that defendant's contract with plaintiff proclaims that defendant is not a registered patent attorney, a fact not contained in the post-January 1971 contract, is of important significance. At issue would be whether defendant held itself out as capable and qualified to prepare patent applications. Individual inquiry would have to be made of each of the class members as to what he understood the representations to mean and whether his understanding was based on the contract or some other writing or some oral expression of the defendant. Bailey v. Sabine River Authority, 54 F.R.D. 42 (W.D.La.1971). Whether members of the class were persons as to whom defendant misrepresented or falsely described its services in violation of the Lanham Act as charged in plaintiff's second cause of action, and the reliance placed by each, presents similar difficulties in finding common issues.

## TYPICAL CLAIMS OR DEFENSES

 Plaintiff's claim against defendants is not typical of claims of other members of the class, Rule 23(a)(3). Arnesen rescinded his contract with defendants prior to defendants completion of its services and resisted defendants further attempts to perform and sought a refund of the money he had theretofore paid. He therefore is seeking a rescission of his agreement. This would place plaintiff in a different posture to those who did not rescind and who allowed defendants to complete their services and who may have even benefited therefrom. Comet Theatre Enterprises v. Cartwright, 195 F.2d 80 (9th Cir., 1952). A common interest in the remedy is necessary to a class action.

Plaintiff has failed to show that his claim satisfies all of the requirements of Rule 23(a) and at least one of the matters which must be shown to comply with Rule 23(b). For all these reasons it is necessary to hold that a class action here would present overwhelming problems of management, would hardly conserve court time or bring about an efficient use of it, Rule 23(b)(3). Furthermore, substantial problems would arise with regard to the giving of notice, the expense thereof and who should in fairness bear it, the responding to inquiries and the keeping of records of returns.

The motion is denied.