JACK JOHNSON, LAWNA P. HAMILTON, NEIL LEVER, AND EVERY OTHER PERSON SIMILARLY SITUATED IN THE SAME OR SIMILAR CLASS, APPELLANTS, *v.* GROUP A. DEFENDANT CLASS: TRAVELERS INSURANCE COMPANY SUED HEREIN AS REPRESENTATIVE OF THE CLASS CONSTITUTING EVERY OTHER HEALTH AND ACCIDENT INSURANCE COMPANY LICENSED TO DO BUSINESS IN THE STATE OF NEVADA SITUATED IN THE SAME OR SIMILAR CLASS, CLASSES OR SUB–CLASSES, NUMBERING 565, SUCH COMPANIES NAMED IN THE ATTACHED PLAINTIFFS' EXHIBIT NO. 1., GROUP B. DEFENDANT CLASS: DOCTOR THOMAS W. KAVANAGH; DOCTOR WESLEY W. HALL, VICE–PRESIDENT OF THE AMERICAN MEDICAL ASSO–CIATION THROUGH ITS DIVISION THE NEVADA STATE MEDICAL ASSOCIATION AND ALL ITS MEMBERS THEREIN BOTH INDIVIDUALLY AND AS MEM–BERS OF SAID ASSOCIATION SUED HEREIN AS REPRE–SENTATIVES OF THE CLASS OF DEFENDANTS SET FORTH HEREIN AS CLASS MEMBER DOCTORS JOHN DOE 1 THROUGH 221,000, AND EVERY OTHER DOCTOR SIMI–LARLY SITUATED IN THE SAME OR SIMILAR CLASS, RESPONDENTS.

No. 7014

October 29, 1973                    515 P.2d 68

[Rehearing denied January 3, 1974]

*Kermitt L. Waters,* of Las Vegas, for Appellants.

*Wait, Shamberger & Georgeson,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

This action against Travelers Insurance Company and Dr. Thomas W. Kavanagh was commenced by Jack Johnson for himself and for others similarly situated, and purports to state a claim for relief as a class action under NRCP 23. Upon motion of the defendant Travelers it was dismissed as a class action, but without prejudice for the plaintiff to otherwise proceed. Since the order of dismissal determined only the legal insufficiency of the complaint as a class suit, it is tantamount to a dismissal as to all members of the alleged class other than the plaintiff. Consequently, this appeal is from a final judgment on that aspect of the case. Daar v. Yellow Cab Company, 433 P.2d 732 (Cal. 1967). The propriety of the order of dismissal rejecting the complaint insofar as it purports to state a claim for relief as a class action under Rule 23 is the sole subject of this appeal.

The claim for relief which Johnson has asserted against

Travelers is for breach of the insurance contract, and for fraudulent misrepresentation with regard to the obligations of the insurance company under that contract, and arises from the following alleged circumstances.

As an employee of the State of Nevada, Johnson was insured by Travelers under a comprehensive, open-end group health policy. While so employed, he was injured in an automobile accident as a consequence of which he incurred a doctor bill in the amount of $400. The insurance contract obligated Travelers to pay him 75 percent of all "covered medical expenses" over a $50 deductible up to a maximum of $10,000. The contract defined "covered medical expenses" as "reasonable charges incurred on account of yourself or your dependent upon the recommendation and approval of the attending physician for the services and supplies listed below and required in connection with the treatment for an injury or sickness. The extent that a particular charge is reasonable shall be measured and determined by comparing it with the charges made for similar services and supplies to individuals of similar age, sex, circumstances and medical condition in the locality concerned, and the result of such determination shall constitute the maximum allowable as covered medical expenses."

Travelers refused to pay 75 percent (over the deductible) of the $400 doctor bill submitted by Johnson since, in the opinion of Travelers, the amount of the bill was unreasonable. Consequently, Travelers paid approximately 50 percent thereof.

The alleged breach of the insurance contract rests upon the premise that the doctor's bill is presumed to be reasonable, and that Travelers disregarded that presumption and arbitrarily paid a lesser sum.

The claim for relief for fraudulent misrepresentation is bottomed on the proposition that Travelers represented that it would pay 75 percent of reasonable doctor bills, without disclosing its practice of disregarding such bills as submitted. Reliance upon that representation also is alleged.[1]

As a general proposition, it is Johnson's contention that Travelers, along with 565 other insurance companies licensed to write group health and accident insurance in Nevada, engage in an industry-wide practice of deceiving their insureds in that such companies automatically fail to pay the percentage of

---

[1]By his reply brief the plaintiff has conceded that his alternative claim for relief against Dr. Kavanagh and the Group B defendant class of doctors may be dismissed. Consequently, this opinion will not treat that aspect of this case.

coverage stated in their group insurance contracts (usually 75 percent or 80 percent) of the actual medical and doctor bills incurred by their insureds, and that this practiced deception upon the policyholders is an appropriate subject of a class suit.

He alleges that Travelers is representative of all other health and accident insurance companies licensed in Nevada, the Group A defendant class, and that Travelers will adequately represent their interests in this litigation.

He proposes to bring this action on behalf of all present and former holders of health and accident insurance with one or more of the insurance companies designated in the Group A defendant class, and who have made claims and have been refused payment of the stated percentage of the face amount of doctor bills submitted.

Finally, and in conclusory form, the prerequisites to a class action specified in NRCP 23 are alleged.[2]

1. Deceptive business practices may cause damage to individual consumers in relatively small amounts, although the aggregate injury may be enormous. Among other things, Rule 23 recognizes the need for a method to redress wrongs otherwise irremediable because the individual claims are too small

---

[2]Rule 23.

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only

or the claimants too widely dispersed. It allows one or more representatives of a class to sue on behalf of other similarly situated and obtain a judgment that will bind all, thereby reducing the number of suits that might arise from a single wrong to many individuals. The aim of the rule obviously is worthwhile. However, difficulty frequently is encountered in deciding whether a particular action falls within its ambit.

The Rule requires a plaintiff who would institute a class action to satisfy the preconditions of 23(a), and also show that his action is appropriate under one of the three subdivisions of 23(b). In the case at hand, Johnson asserts that he has satisfied all prerequisites. Although conceding that "the class is so numerous that joinder of all members is impracticable," 23(a)(1), Travelers denies that other preconditions are met, and particularly presses the contention that questions of law or fact common to the class do not exist, 23(a)(2), or, if some such questions do exist, they do not predominate over questions affecting only individual members, 23(b)(3). As we see it, this point is central to the case and dispositive of this appeal.

2. With regard to the breach of contract claim, it is the contention of Travelers that there is not, nor can there be, a common question of law or fact, since the group insurance policy requires Travelers to decide the reasonableness of a doctor's charge by comparing it with "charges made for similar services to individuals of similar age, sex, circumstances and medical condition in the locality concerned." These several factors, each bearing on the issue of the reasonableness of the charge, requires an individual assessment in each instance with the inevitable consequence that the reasonableness of a particular bill is not necessarily probative of the reasonableness of others, nor, indeed, as to whether a contractual duty was breached.

The complaint before us does not allege that Travelers failed to determine reasonableness of the bill in the manner

individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

contemplated by the insurance policy.[3] It alleges no more than that the doctor's bill is presumed to be reasonable and that Travelers, therefore, should have paid 75 percent thereof. This, in our view, does not allege a breach of contract. Although we are mindful that a motion to dismiss admits all material and issuable facts properly pleaded [Hansen-Neiderhauser, Inc. v. Nevada State Tax Comm'n, 81 Nev. 307, 402 P.2d 480 (1965); Chapman v. City of Reno, 85 Nev. 365, 455 P.2d 618 (1969)], the complaint must, in any event, allege facts sufficient to establish all necessary elements of the claim for relief, Danning v. Lum's, Inc., 86 Nev. 868, 478 P.2d 166 (1970). Moreover, in the context of a class suit, the claim for breach of the group insurance contract would require an examination of each claimant's understanding of the contract and would inevitably deteriorate into multiple lawsuits unsuited for the purposes of Rule 23. Cf. Bailey v. Sabine River Authority, State of Louisiana, 54 F.R.D. 42 (W.D.La. 1971). A common question of law or fact is not present in these circumstances.

3.  As a general proposition, it is fair to state that a class suit to recover damages for fraud allegedly practiced upon numerous persons is not warranted. Cases collect. Annot., 114 A.L.R. 1015. The inherent uniqueness of misrepresentation actions makes it difficult to find central facts susceptible of proof on a common basis. What was the form of the misrepresentation; were the identical false representations made to each member of the class; did each member participate in the group insurance plan in reliance upon those misrepresentations, and was each damaged thereby? These, and perhaps other factors, serve to explain the difficulty inherent in finding a common question of fact or law when the charge is fraudulent misrepresentation.

This is not to say, however, that a representative suit for collective deceit may never be maintained.[4] However, a common thread running through those cases and others is that the

---

[3]In other documents it is asserted that Travelers utilized relative value study tables prepared by the California Medical Association, instead of deciding reasonableness in the manner specified by the insurance policy. We do not consider this assertion since it is not part of the complaint.

[4]Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968); Green v. Wolf Corporation, 406 F.2d 291 (2nd Cir. 1968); Vasquez v. Superior Court of San Joaquin County, 484 P.2d 964 (Cal. 1971); Daar v. Yellow Cab Co., 433 P.2d 732 (Cal. 1967); Kronenberg v. Hotel Governor Clinton, Inc., 41 F.R.D. 42 (S.D.N.Y. 1966); Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y. 1968); Harris v. Palm Springs Estates, Inc., 329 F.2d 909 (9th Cir. 1964), are illustrative cases.

fraud element existed and pervaded the transaction at the time of the consumer's purchase.

Averments of the circumstances constituting fraud shall be stated with particularity. NRCP 9(b). There is no claim in the complaint before us of any fraud that existed and pervaded the transaction at the time the plaintiff and others elected to participate in the group insurance plan. The insurance contract attached to the complaint as an exhibit specifies the company's obligation and allows it to decide the reasonableness of a charge by comparing it with "charges made for similar services to individuals of similar age, sex, circumstances and medical condition in the locality concerned." It is not alleged that the company represented otherwise. No facts are pleaded to suggest that the company did not determine reasonableness by utilization of the designated standard. Neither is it suggested that representations at variance with the insurance contract as written were made to members of the group insurance plan.

The true basis of the claim of Johnson and those whom he purports to represent is that the participants in the group plan expected to receive 75 percent of the bills submitted even though a study of the insurance contract would not necessarily foster those expectations. This does not qualify as fraud or misrepresentation on the part of the insurance company. It is beyond the pale of reason to base a charge of fraud in the payment of claims upon conduct by the company which apparently falls within the authorization of the language of the insurance contract. Moreover, if we were to consider the subject of the reasonable expectations of the participants in the plan, we necessarily would be forced to decisions on individual basis, thus destroying the commonality of issues required in a class suit.

4. Much of the argument on this appeal was addressed to the point that the action is not maintainable as a class action because there does not exist a common question of fact with respect to the amount of damages incurred among the members of the plaintiff class. Although it may be true that courts are more hesitant to find the common question requirement satisfied when the class seeks damages than when it seeks injunctive relief (Weinstein—Some Problems in Class Actions, 9 Buffalo L.Rev. 433 (1960)), the more recent cases appear to hold that the existence of separate issues concerning the damages sustained by various class members do not prevent a common issue of liability from being adjudicated on a class

474

basis. Green v. Wolf Corporation, 406 F.2d 291 (2nd Cir. 1968); Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2nd Cir. 1968); Alameda Oil Company v. Ideal Basic Industries, Inc., 326 F.Supp. 98 (D.C.Colo. 1971); Daar v. Yellow Cab Co., 433 P.2d 732 (Cal. 1967); Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y. 1968). The matter of individual damages may be postponed to a later date, and a master appointed. Dolgow v. Anderson, supra.

5. Since we do not perceive a common question of law or fact on the issue of alleged liability in this case, we affirm the dismissal of this action as a class action.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.