LAWRENCE LOCKEN, Appellant, *v.*
HUGH LOCKEN, Respondent.

No. 12315

August 27, 1982                    650 P.2d 803

*Michael C. Farris,* Incline Village; and *Peter A. Tomaino,* South Lake Tahoe, California, for Appellant.

*Eck, Harkins & Beckett,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This case focuses upon a dispute between a father and son over the ownership of land. In satisfaction of certain indebtedness owed to the respondent father by a third party, the father agreed to accept an assignment of two patent applications for separate parcels of land. Since the Desert Land Act, 43 U.S.C. § 321 (1964), prohibited the father from making more than one entry in his own name, at the suggestion of his son, the parties verbally agreed to place one of the applications in the son's name. Under this agreement, the father was to make certain improvements upon the land, and after the patent was granted the son was to convey the property to his father. The father fulfilled his part of the agreement, expending considerable time, effort and money on land improvement, yet the son refused to convey the property as agreed.

The district court ruled that the son held the land in constructive trust for the benefit of his father, ordered the son to convey the land to his father, and awarded the father attorney's fees. We affirm that portion of the district court's judgment as it pertains to the conveyance of land held in constructive trust, but reverse as to the award of attorney's fees.

1. *Constructive Trust*

Since the record supports the finding by the district court of an oral agreement between the parties for the conveyance of

land, we must first consider whether the imposition of a constructive trust runs afoul of the statute of frauds. NRS 111.205 provides in pertinent part:

> 1. No estate or interest in lands . . . shall be created, granted, assigned, surrendered or declared . . ., unless by act or operation of law, or by deed or conveyance, in writing.
>
> . . . .
>
> 2. Subsection 1 shall not be construed to affect in any manner the power of a testator in the disposition of his real property by a last will and testament, *nor to prevent any trust from arising or being extinguished by implication or operation of law.* (Emphasis supplied.)

This exception to the statute of frauds, set forth in subsection 2, permits the imposition of a constructive trust to avert the type of fraud the statute is designed and intended to prevent. Davidson v. Streeter, 68 Nev. 427, 234 P.2d 793 (1951). Thus, the statute of frauds is of no impediment to the existence of a constructive trust in the instant action.

A constructive trust is a remedial device by which the holder of legal title to property is held to be a trustee of that property for the benefit of another who in good conscience is entitled to it. Danning v. Lum's, Inc., 86 Nev. 868, 871, 478 P.2d 166 (1970). A constructive trust will arise and affect property acquisitions under circumstances where: (1) a confidential relationship exists between the parties; (2) retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice. Schmidt v. Merriweather, 82 Nev. 372, 375, 418 P.2d 991 (1966). Here, each of the aforesaid elements coexist as revealed amply by the evidence of record. A close familial relationship of trust and confidence existed between the parties at the time of their agreement, and the son abused that confidential relationship at the expense of his father. Under such circumstances, it would be manifestly inequitable to judicially countenance continued retention of legal title to the property in the son. Further, since land is unique, the creation by law of a constructive trust was necessary to the prevention of a continuing injustice.

We are unimpressed by appellant's attempt to avoid the equitable imposition of a constructive trust by invoking the clean-hands **doctrine**. The son argues that his father should be

denied equitable relief because of the latter's affidavit accompanying the land patent application stating that the father had "no interest" in that parcel of land to be placed in the son's name. While the doctrine is sound, it does not apply here since the alleged misconduct was not directed against appellant and did not affect the transaction between the parties. McKelvie v. Hackney, 360 P.2d 746, 752 (Wash. 1961); High v. Parks, 257 S.E.2d 661, 663, (N.C.App. 1979). Further, and without condoning respondent's misstatement, such conduct, standing alone, absent an intent to deceive, does not amount to unclean hands. Xerox Corp. v. Dennison Mfg. Co., 322 F.Supp. 963 (D.C.N.Y. 1971). In any event, the fact that the property may have been originally acquired through artifice or some illegal act does not serve as a basis for denying equitable relief for a subsequent wrong by appellant. Loughran v. Loughran, 292 U.S. 216, 228 (1933), *reh'g denied,* 292 U.S. 615 (1934).

Even assuming arguendo that the agreement was illegal or against public policy, the rule that such agreements are not to be enforced by the courts will not be applied in this instance where: (1) the public interest cannot be restored because of the completed transaction; (2) no serious moral turpitude is involved; (3) the son is guilty of greater moral fault than the father; and (4) application of the rule would permit the son to be unjustly enriched at the expense of his father. Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958). Accordingly, we hold that the district court's imposition of a constructive trust was correct, and affirm that portion of the judgment.

2. *Attorney's Fees*

We next consider whether it was error for the lower court to award attorney's fees to the father. Nevada has adhered to the general rule disallowing attorney's fees absent a statute, rule, or contractual basis for an award of such fees. Consumers League of Nevada v. Southwest Gas Corp., 94 Nev. 153, 576 P.2d 737 (1978). NRS 18.010 permits the plaintiff to recover attorney's fees when, as a prevailing party, the plaintiff has not recovered more than $10,000. Here, the record contains substantial evidence establishing the market value of the property in question to be in excess of $50,000. Since this value exceeds the statutory amount, we reverse the order of the district court concerning the allowance of attorney's fees, and remand with instructions for entering an appropriate judgment in accordance with this opinion.