**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARL E. RISINGER, | No. 16-15120 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-00063-MMD-PAL |
| v. | |
| SOC LLC; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted June 9, 2017
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and DAVILA,** District Judge.

SOC LLC, SOC-SMG, Inc., and Day & Zimmerman, Inc. (collectively, "SOC"), appeal the district court's order certifying a class of armed guards represented by Plaintiff Karl E. Risinger, who worked for SOC in Iraq between

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward J. Davila, United States District Judge for the Northern District of California, sitting by designation.

2006 and 2012. Risinger alleges that SOC misrepresented guards' anticipated work schedule and breached a provision of its employment agreement requiring the performance of "customary" duties. We have jurisdiction pursuant to 28 U.S.C. § 1292(e). We review an order certifying a class for abuse of discretion, and any factual findings relied upon by the district court for clear error. *Parsons v. Ryan*, 754 F.3d 657, 673 (9th Cir. 2014). We affirm.

SOC challenges the district court's predominance determination under Federal Rule of Civil Procedure 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). It requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). A question is "individual" if members of the proposed class will need to present varying evidence, whereas a question is "common" if the same evidence can be used for each member to make a prima facie showing, or if the issue can be proved by generalized, class-wide proof. *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

The district court permissibly found that SOC recruiters made nearly identical representations concerning guards' anticipated work schedule. *See United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc). SOC's

2

contract with the Department of Defense limited guards to a 6-day, 72-hour workweek, which was reflected in scripts used by recruiters. Additionally, SOC employees and several recruits described a similar understanding. Because the district court's finding renders the misrepresentation element of Risinger's fraud claims amenable to class-wide proof, the district court did not abuse its discretion by concluding that common issues would predominate. *See Henry v. Lehman Commercial Paper, Inc.* (*In re First All. Mortg. Co.*), 471 F.3d 977, 990-91 (9th Cir. 2006).

Similarly, the district court did not abuse its discretion by deciding that a common question of contract interpretation predominates for Risinger's breach of contract claim. SOC's standardized employment agreement provided that guards "shall perform duties and responsibilities that are customary for [the] employee's position." On summary judgment, the district court determined "customary" to be ambiguous, and found "genuine issues of material fact exist as to whether the Employment Agreement provided for a 72-hour workweek as 'customary.'" Because the evidence needed to resolve the ambiguity is common to the class, individual issues will not predominate.

Furthermore, we predict the Supreme Court of Nevada would adopt, in a fraud action, a presumption of reliance on a material misrepresentation. *See Johnson v. Travelers Ins. Co.*, 515 P.2d 68, 72 & n.4 (Nev. 1973) (citing with

3

approval a California case that recognizes a presumption of reliance). The district court, therefore, did not abuse its discretion by determining that common issues would predominate with respect to other aspects of the fraud claim: materiality and reliance. As just noted, the court permissibly found that all class members were exposed to the same recruitment script and that SOC made the same representation to all class members. The district court also permissibly concluded, on this record, that the 72-hour workweek representation was material to all class members.

Finally, we reject as unpersuasive SOC's arguments that the certification order violates the Rules Enabling Act, due process, or Article III principles. *See Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1156 (9th Cir. 2016) (holding that the Rules Enabling Act is not violated where a defendant may still challenge the sufficiency of evidence after class certification); *see also Torres*, 835 F.3d at 1137 (explaining that "fortuitous non-injury to a subset of class members does not necessarily defeat certification of the entire class, particularly as the District Court is well-situated to winnow out those non-injured members at the damages phase of the litigation, or to refine the class definition").

**AFFIRMED.**