WALTER J. ADAMSON, Special Administrator of the Estate of DOUGLAS HENRY ADAMSON, Deceased, Appellant, *v.* RYALL A. BOWKER; CLAUDE L. KEEMA, Sheriff of Lyon County, State of Nevada; LEE W. LITTELL, Deputy Sheriff of Lyon County, State of Nevada; CLAIR PURSEL, Deputy Sheriff of Lyon County, State of Nevada; PHOENIX ASSURANCE COMPANY OF NEW YORK and DR. STANLEY TEBBE, Respondents.

No. 5562

February 21, 1969                    450 P.2d 796

*Barry, Hall & McGehee,* of Reno, for Appellant.

*Goldwater, Taber, Hill & Mortimer, Vargas, Bartlett & Dixon,* and *Albert F. Pagni,* of Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

Douglas Henry Adamson died in the Lyon County hospital, Yerington, Nevada, on March 8, 1965. After his death his brother, Walter J. Adamson, the appellant, as special administrator, brought an action alleging that the respondents committed tortious acts against Douglas Henry Adamson during his lifetime and that their wrongful acts caused his death. The respondent, Phoenix Assurance Company of New York, who furnished the bonds for the public officers of Lyon County, moved that it be dismissed from the complaint. After its motion was denied it cross-claimed against the other respondents whom it had bonded.

On February 20, 1965, Lee W. Littell and Clair Pursel, who, at that time, were deputy sheriffs of Lyon County, arrested Douglas Henry Adamson at the home of the appellant on a charge of grand larceny. The deputy sheriffs were acting under the authority of a warrant of arrest issued out of the Justice's Court of Mason Valley Township, on a complaint signed by Ryall A. Bowker, one of the defendants in the court below.

At the time of the arrest, Vera Adamson, the wife of the appellant, informed the deputies that her brother-in-law was ill and needed medical attention. She also warned them that incarceration would cause his condition to deteriorate. In her deposition, Vera Adamson stated that, because her brother-in-law's supply of tedral was low at the time of his arrest, she contacted Stanley Tebbe, M.D., and requested that the prescription for tedral be refilled. Dr. Tebbe had previously ministered to Douglas Henry Adamson and is the county physician for Lyon County. The prescription for tedral was not filled until February 25, 1965.

Douglas Henry Adamson was released from jail on February 25, 1965, and was hospitalized on March 3, 1965, five days before his death. An autopsy revealed that he died of cardiac hypertrophy with atrial thrombi and focal subacute infarction, acute pericarditis and pulmonary emboli.

All defendants below, with the exception of Ryall A. Bowker, moved for summary judgment based on all the records and pleadings, the depositions of Walter J. Adamson and Vera Adamson and the affidavit of Lynn B. Gerow, M.D. The affidavit of Dr. Gerow was given in answer to a hypothetical question posed by the respondents, and the appellant admits that the assumed facts appearing in the question were favorable to the appellant's position. In answer to a quesion: "Whether or not the failure of defendants to provide medical care and medication during the period of time that Douglas Henry Adamson was incarcerated in the Lyon County jail was the cause of the death of Douglas Henry Adamson." Dr. Gerow stated: "[I]t is affiant's opinion that the conditions described by Dr. Decker were the reason the decedent died; decedent had arterio-sclerotic heart disease for a rather lengthy period of time and this disease was complicated by hypertension, acute pericarditis and pulmonary emboli.

"It is the opinion of this affiant that the medicine prescribed by Dr. Tebbe for the decedent would not have prolonged his life even though he would have been able to take it regularly during the time he was incarcerated. There are numerous gross

and miscroscopic conditions also described by Dr. Decker, which would bear out the cause of death described in the autopsy protocol, and none of these causes would have responded to the medication prescribed, namely, aspirin and tedral."

The appellant contends that the trial court erred when it granted respondents' motion for summary judgment and refused to grant him leave to amend his complaint. We disagree and find no error by that court.

1. The affidavit of Dr. Gerow specifically recites that Douglas Henry Adamson died of natural causes and that any failure to have supplied him with tedral and aspirin during his incarceration would not have prolonged or preserved his life. The appellant did not file a counter-affidavit nor did he produce any other evidentiary material to establish that there remained a genuine issue of fact to be determined at trial on the question of wrongful death.

We next turn to consider the remainder of the allegations in the appellant's pleadings. Dr. Gerow's affidavit in no way touches upon the other allegation of tortious conduct attributed to the respondents. However, in answers to interrogatories propounded by the appellant, Lee W. Littell, one of the respondents, testified under oath, that on the day he arrested Douglas Henry Adamson he called Dr. Tebbe who came to the office of the Sheriff of Lyon County, and there, in the presence of Littell and Clair Pursel, examined the suspect before he was placed in jail. In their depositions both Littell and Dr. Tebbe testified to Dr. Tebbe's examination of the deceased before his incarceration and they both testified on their personal knowledge about the treatment and care furnished the deceased during his stay in the Lyon County jail.

Neither the depositions of Dr. Stanley Tebbe and Lee W. Littell nor the answers to interrogatories given by Littell were ever refuted or controverted by the appellant. The depositions and answers were on file in the case and a part of the record when the respondents' motion for summary judgment was heard by the trial court. It might be argued that the depositions of the appellant and Vera Adamson should be deemed to refute the deposition of Dr. Tebbe and the deposition and answers to interrogatories of Lee W. Littell. Close examinations of the depositions of the appellant and Vera Adamson reveals testimony which is either hearsay or incompetent or merely suppositions and conclusions and could not be considered by the trial court to controvert the testimony of the respondents.

The admissibility of evidence on a motion for summary judgment is subject to NRCP 43(a),[1] and evidence that would be inadmissible at the trial of the case is inadmissible on a motion for summary judgment. The trial court may not consider hearsay or other inadmissible evidence whether it be in the form of direct testimony given in court or whether it appears in a deposition or answers to interrogatories. Lake v. Konstantinu, 189 So.2d 171 (Fla.App. 1966). In American Securit Co. v. Hamilton Glass Co., 254 F.2d 889 (7th Cir. 1958), the court said: ". . . [T]estimony contained in depositions used in a summary judgment proceeding is subject to the rules of evidence, as referred to in rule 43(a) governing admissibility."

The trial court is not limited to a consideration of the affidavit and depositions relied on by the moving party but is required by NRCP 56(c)[2] to consider all pleadings, depositions, answer to interrogatories and admissions on file together with affidavits when ruling on a motion for summary judgment.

We find that the trial court, in reaching its decision properly found that the depositions and pleadings of the appellant, when viewed in the light most favorable to his position, presented no genuine issue as to any material fact.

NRCP 56(e)[3] unequivocally provides that when there has

---

[1] NRCP 43(a). "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules or by statutes. All evidence shall be admitted which is admissible under the statutes of the State, or under the rules of evidence."

[2] NRCP 56(c): ". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

[3] NRCP 56(e): "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

been a motion for summary judgment supported by affidavits or other evidentiary material, the adverse party may not rest upon the allegations of his pleading but he must by affidavit or other evidentiary matter set forth specific facts showing that there is a genuine issue for trial. Tobler & Oliver Constr. Co. v. Board of Trustees, 84 Nev. 438, 442 P.2d 904 (1968). Here the appellant filed no counter-affidavits or depositions to controvert the testimony of the respondents.

In the case of Western Mercury, Inc. v. Rix Company, 84 Nev. 218, 438 P.2d 792 (1968), this court said: "We now hold requested admissions deemed true by the court because not answered, can support summary judgment and the unverified answer can be disregarded."

The affidavit of Dr. Gerow, as well as the deposition of Dr. Tebbe and the deposition and answers to interrogatories of Lee W. Littell, not having been refuted, were entitled to be deemed true by the trial court and relied upon to support the summary judgment.

2. We now consider appellant's contention that the lower court should have granted him leave to further amend his pleadings. After a responsive pleading has been served the granting of leave to file an amended pleading is within the discretion of the trial court.

NRCP 15(a)[4] provides that leave to amend a pleading shall be freely given when justice so requires. Determining the propriety of a motion to amend, within this rule, brings into focus the lower courts discretionary power. Under the rules of civil practice adhered to before the adoption of the Nevada Rules of Civil Procedure, this court, in Edmonds v. Perry, 62 Nev. 41, 140 P.2d 566 (1943), said: "Allowance or refusal of leave to amend pleadings in actions at law is discretionary with the trial court, the exercise of which is not reviewable

---

[4]NRCP 15(a): "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

except in cases of gross abuse of discretion." Since the adoption of the Nevada Rules of Civil Procedure we have emphasized that NRCP 15(a) mandates that leave to amend shall be freely given when justice so requires. Weiler v. Ross, 80 Nev. 380, 395 P.2d 323 (1964); Good v. District Court, 71 Nev. 38, 279 P.2d 467 (1955). In Foman v. Davis, 371 U.S. 178 (1962), the United States Supreme Court said: "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded."

We are now called upon to determine whether justice required the lower court to allow the appellant to amend his pleadings. We find that it did not.

In Foman v. Davis, supra, Justice Goldberg writing for the court said: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." We subscribe completely to this interpretation of the intent and purpose of NRCP 15(a).

However, in the case before us, the record is devoid of any allegations, statement or information about the nature or substance of the appellant's proposed amendment. Where there is no showing of the nature or substance of the proposed amendment or what the appellant expects to accomplish by it, a reviewing court cannot say a trial court abused its discretion in denying leave to amend. Roach v. Stastny, 104 F.2d 559 (7th Cir. 1939).

We have no way of knowing whether or not the underlying facts or circumstances relied upon by the appellant may be a proper subject of relief.

Even though the trial court has failed to state any justifying reason for its denial of the appellant's motion to amend his pleadings we sustain the order of that court because of the

absence of any information concerning the nature or substance of the appellant's proposed amendment and because an examination of the record indicates the futility of amendment.

We affirm the summary judgment as entered in this cause by the trial court.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.