# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROY D. MORAGA,
Appellant,
vs.
JOHN SCOTT,
Respondent.

No. 68068

**FILED**

APR 0 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order granting a motion to dismiss in a medical malpractice action. Sixth Judicial District Court, Pershing County; Michael Montero, Judge.

While incarcerated, appellant Roy D. Moraga filed a timely medical malpractice complaint against respondent John Scott, M.D.[1] Scott filed a motion to dismiss with the district court based on Moraga's failure to comply with the provisions of NRCP 16.1(b) requiring a mandatory early case conference between the parties. The district court granted the motion. As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

On appeal, Moraga challenges (1) the district court order denying his request for counsel, (2) the district court order denying his motion to reinstate the early case conference pursuant to NRCP 16.1(b), and (3) the district court order denying his motion for leave to amend.

We review the district court's order for an abuse of discretion. *See Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427,

---

[1]We note that Moraga failed to file a medical expert affidavit in support of his complaint pursuant to NRS 41A.171.

432 (2013) ("This court will uphold the factual findings of the district court as long as these findings are not clearly erroneous and are supported by substantial evidence."); *see also Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC,* 130 Nev., Adv. Op. 83, 335 P.3d 211, 214 (2014) ("Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." (internal quotations omitted)); *see also Arnold v. Kip,* 123 Nev. 410, 414, 168 P.3d 1050, 1052 (2007) (this court reviews a district court's dismissal of a case for failure to comply with the requirements of NRCP 16.1(e)(2) for an abuse of discretion due to the language that the court "may" sanction noncompliance with the rule, and NRCP 16.1(e)(1) outlines a similar discretionary standard for noncompliance with NRCP 16.1(b)); *see also Adamson v. Bowker,* 85 Nev. 115, 120-21, 450 P.2d 796, 800 (1969) (concluding that a motion for leave to amend pursuant to NRCP 15(a) is within the trial court's discretion, and this court will only overturn its decision upon a showing of abuse of discretion).

We conclude that the district court did not abuse its discretion. First, the district court relied on substantial evidence in its decision to deny Moraga's request for counsel. *See Rodriguez v. Eighth Judicial Dist. Court,* 120 Nev. 798, 804, 808 (2004) (concluding that there is no right to appointed legal counsel in a civil case in Nevada absent a statute requiring such appointment, and neither due process nor the Sixth Amendment guarantee the right to counsel in civil proceedings). Second, the district court did not abuse its discretion in denying Moraga's motion to reinstate the early case conference pursuant to NRCP 16.1(b)(1). *See* NRCP 16.1(b)(1) ("[W]ithin 30 days after filing of an answer by the first answering defendant[,] . . . the parties shall meet in person to confer and

consider the nature and basis of their claims and defenses and possibilities for a prompt settlement or resolution of the case . . . . The attorney for the plaintiff shall designate the time and place of each meeting."); *see also* NRCP 16.1(g) (providing that a party must comply with NRCP 16.1 even if not represented by an attorney). Third, the district court did not abuse its discretion in denying Moraga's motion for leave to amend because Moraga's arguments in support of amendment lacked merit under NRCP 16.1.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc: Hon. Michael Montero, District Judge
Roy Daniels Moraga
Attorney General/Carson City
Pershing County Clerk