# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNATHAN B. SELL; AND HALLI
SELL,
Appellants,
vs.
HOLLI DIEHL, F/K/A HOLLI HOLLAR,
Respondent.

JOHNATHAN SELL; AND HALLI
SELL,
Appellants,
vs.
HOLLI DIEHL,
Respondent.

No. 74916

FILED

NOV 28 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 75231

## ORDER AFFIRMING IN PART AND REVERSING IN PART

These are consolidated appeals from a final judgment in an action to establish custody and/or visitation and an order awarding attorney fees and costs. Eighth Judicial District Court, Family Court Division, Clark County; Lisa M. Brown, Judge.

Appellants Halli and Johnathan Sell (collectively the Sells) were the co-guardians of their niece and nephew for approximately nine years. However, beginning in 2012, the children's natural mother, respondent Holli Diehl, made numerous attempts to dissolve the Sells' guardianship. Following one of Diehl's attempts to terminate guardianship, the Sells filed a complaint seeking custody under NRS 125C.0035. In response, Diehl filed a motion to dismiss. However, before any orders were issued in this case, Judge Gonzalez terminated the Sells' guardianship and the minor children were returned to Diehl in Arizona. Judge Gonzalez's order made dozens of findings including that Diehl was fit to parent her children, that it was in the best interest of the children to terminate guardianship, and that no extraordinary circumstances existed to warrant extending guardianship. Judge Gonzalez also analyzed each of the NRS

18-906052

125C.0035(4) best interest factors in great detail. Approximately one month later, the Sells filed a motion for "custody and/or visitation" in this case, allegedly based on Diehl's failure to allow the Sells visitation and telephone contact with the children. On September 28, 2017, the district court conducted a hearing on the pending motions and ultimately granted Diehl's motion to dismiss and denied the Sells' motion for custody and/or visitation.

Regarding custody, the district court found that the Sells had abandoned their custody claim at the hearing by making representations that they sought only visitation. As to visitation, the district court dismissed the Sells' claims for failure to plead under NRCP 12(b)(5) and lack of jurisdiction. Though not a basis for dismissal, the district court also stated that even assuming the Sells had properly pleaded visitation and jurisdiction, they failed to demonstrate that Diehl had unreasonably denied or restricted visits with the children as they had only been back with Diehl for a matter of weeks. Additionally, the district court awarded Diehl $5,000 in attorney fees and costs under NRS 18.010.[1] The Sells now appeal.

*The Sells' NRS 125C.0035 custody claim was moot following Judge Gonzalez's ruling in the guardianship case*

The Sells' complaint alleged a single cause of action wherein they sought physical and legal custody of the minor children under NRS 125C.0035(3). In its minute order, the district court found that the Sells abandoned their custody claims at the September 28, 2017, hearing by stating that they were seeking only visitation of the minor children. The district court later memorialized this as a finding of fact in its order. In this appeal, the Sells argue that they did not abandon their custody claims.

---

[1]The parties are familiar with the facts of the case and we recite them here only as necessary for our analysis.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

This court reviews a dismissal for failure to state a claim under NRCP 12(b)(5) de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 & n.6, 181 P.3d 670, 672 & n.6 (2008). "A complaint should not be dismissed unless it appears to a certainty that the plaintiff could prove no set of facts that would entitle him or her to relief." *Cohen v. Mirage Resorts, Inc.*, 119 Nev. 1, 22, 62 P.3d 720, 734 (2003). "This is a rigorous standard, as this court construes the pleading liberally, drawing every inference in favor of the nonmoving party." *Holcomb Condo. Homeowners' Ass'n v. Stewart Venture, LLC*, 129 Nev. 181, 186, 300 P.3d 124, 128 (2013) (internal quotation omitted).

At the onset of the September 28, 2017, hearing, the district court asked the Sells, "So specifically you're arguing visitation?" The Sells responded, "Yes, we're arguing for visitation rights." Despite the Sells' contentions to the contrary, the hearing transcript gives no indication the Sells were still seeking custody of the minor children. Instead, the transcript indicates they were seeking only visitation because Judge Gonzalez had recently found Diehl fit to parent, and that termination of guardianship was in the best interest of the children, in the guardianship case. Judge Gonzalez's best interest analysis essentially decided the Sells' custody claim. *See* NRS 125C.0035. Nonetheless, the Sells submitted a supplemental reply brief *after* the hearing wherein they stated, "that they are willing to defer their pending custody claims until the conclusion of the Guardianship appeal to ensure as little disruption as possible to the children." The supplemental brief also stated the Sells were "pursuing their pending custody and visitation claims." Therefore, while the Sells did not argue custody at the hearing, we conclude that they did not "abandon" their custody claims because they argued custody in both their complaint and supplemental brief.

However, based on the unique procedural history of this case, we further conclude that the Sells' custody claims were moot. The best interest findings made by Judge Gonzalez largely rendered the custody issue moot, pending resolution of the appeal.[2] NRS 125C.0035(3) provides that custody should be awarded to the parent unless the child's best interest requires otherwise. Additionally, NRS 125C.004 requires that, prior to the court awarding custody to a non-parent, the court make findings that parental custody would be detrimental to the child, and that non-parent

---

[2]The Sells argue that the district court should have conducted an independent evidentiary hearing rather than adopting Judge Gonzalez's findings from the guardianship case. However, "[t]he doctrine of res judicata precludes parties or their privies from relitigating a cause of action which has been finally determined by a court of competent jurisdiction." *Horvath v. Gladstone*, 97 Nev. 594, 596, 637 P.2d 531, 533 (1981). Issue preclusion and claim preclusion are "two different species of res judicata." *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994). "[I]ssue preclusion requires that (1) an issue be identical, (2) the initial ruling was final and on the merits, (3) 'the party against whom the judgment is asserted' was a party or in privity with a party in the prior case, and (4) 'the issue was actually and necessarily litigated.'" *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 481, 215 P.3d 709, 718 (2009) (quoting *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008)). Claim preclusion, however, applies if: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp.*, 124 Nev. at 1054, 194 P.3d at 713. Here, it is undisputed that the guardianship case concerned the same parties and facts as the instant case, and was a final judgment on the merits. Additionally, a guardianship matter necessarily implicates physical and legal custody as a termination of guardianship removes custody under NRS 159.079. *See* NRS 159.079(1) ("a guardian of the person has the care, custody and control of the person of the protected person"). Thus, the best interest findings in the termination of guardianship case necessarily considered whether the Sells' physical custody was preferable to the mothers. Accordingly, the district court properly adopted Judge Gonzalez's best interest findings rather than conducting an independent evidentiary hearing.

custody would serve the best interest of the child. Thus, the extensive best interest findings made by Judge Gonzalez in the guardianship case rendered it impossible for the Sells to meet their burden under NRS 125C.004 or NRS 125C.0035 to seek custody. Consequently, whether or not the Sells abandoned their custody claims at the hearing, they could not succeed on such claims in light of Judge Gonzalez's extensive findings. *Nat'l Collegiate Athletic Ass'n v. Univ. of Nev., Reno.*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981) ("Cases presenting real controversies at the time of their institution may become moot by the happening of subsequent events."); *see also Cohen*, 119 Nev. at 22, 62 P.3d at 734 (stating a complaint should be dismissed if "it appears to a certainty that the plaintiff could prove no set of facts that would entitle him or her to relief"). Accordingly, we hold that Judge Gonzalez's order rendered any claims for custody moot and thus the district court properly dismissed the Sells' custody claims.

*The district court properly dismissed the Sells' visitation claims for failure to state a claim under NRCP 12(b)(5)*

The Sells argue that the district court improperly dismissed their claims for visitation for failure to plead under NRCP 12(b)(5). We disagree.

NRS 125C.0035 permits the district court to award custody of a minor child. NRS 125C.050, however, governs third-party visitation and allows "the district court in the county in which the child resides" to grant reasonable visitation "[i]f the child has resided with a person with whom the child has established a meaningful relationship." NRS 125C.050(2). Nevada is a notice-pleading jurisdiction and thus, "our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party." *Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) (citing NRCP 8(a)). However, a complaint must set forth sufficient facts to establish all necessary elements of a claim for relief, so that the adverse

party has adequate notice of the nature of the claim and relief sought. *Johnson v. Travelers Ins. Co.*, 89 Nev. 467, 472, 515 P.2d 68, 71-72 (1973); *Branda v. Sanford*, 97 Nev. 643, 648, 637 P.2d 1223, 1227 (1981).

When the Sells filed their complaint, they were already custodians of the children under NRS 159.079. Presumably in anticipation of their loss of guardianship, the Sells filed their complaint to *retain* custody under NRS 125C.0035. Under NRS 125C.0035(3)(b), the court may grant custody "[t]o a person or persons in whose home the child has been living and where the child has had a wholesome and stable environment" so long as those person(s) overcome the parental preference set forth in NRS 125C.0035(3)(a). As always, the overriding consideration in that custody determination is the best interest of the child. NRS 125C.0035(1). The Sells declined to pursue their attempt to overcome that parental preference, pending appeal of Judge Gonzalez's order in the guardianship matter. Rather, the Sells elected to pursue visitation, arguing that, because they properly filed their custody claim under NRS 125C.0035, and because visitation is generally awarded to a noncustodial parent under that statute, they should be able to pursue visitation under that statute. However, visitation for the purposes of NRS 125C.0035 is a creature born of NRS 125C.003, wherein visitation is awarded to one parent after it is determined that it is in the best interest of the child for one parent to be awarded primary physical custody. NRS 125C.003. That statute does not apply to guardians or nonparents. Rather, NRS 125C.050 allows nonparents to apply for guardianship under certain circumstances. Thus, by failing to plead visitation under NRS 125C.050, the Sells, as nonparents, failed to give proper notice that they would be pursuing visitation.

"Although [this court is] mindful that a motion to dismiss admits all material and issuable facts properly pleaded, the complaint must,

in any event, allege facts sufficient to establish all necessary elements of the claim for relief." *Johnson,* 89 Nev. at 472, 515 P.2d at 71. It is clear from the face of the complaint that the Sells did not allege the elements necessary to establish visitation under NRS 125C.050. Therefore, we hold that the district court properly dismissed any visitation claims the Sells may have had under NRCP 12(b)(5).[3]

*The district court abused its discretion by awarding Diehl attorney fees*

The district court awarded Diehl attorney fees as a prevailing party under NRS 18.010. In awarding attorney fees, the district court failed to clarify whether it was awarding attorney fees under NRS 18.010(a) or NRS 18.010(b). However, because we have previously held that "an award of a money judgment is a prerequisite to an award of attorney's fees" under NRS 18.010(a), and no award of money damages occurred here, the only basis for the award of attorney fees is under subsection (b). *Int'l Indus., Inc. v. United Mortg. Co.,* 96 Nev. 150, 157, 606 P.2d 163, 167 (1980), *abrogated*

---

[3]The Sells contend that the district court abused its discretion by denying them leave to amend their complaint to properly plead a claim for visitation. "NRCP 15(a) provides that leave to amend a pleading shall be freely given when justice so requires." *Adamson v. Bowker,* 85 Nev. 115, 120, 450 P.2d 796, 800 (1969). However, "[a]llowance or refusal of leave to amend pleadings in actions at law is discretionary with the trial court, the exercise of which is not reviewable except in cases of gross abuse of discretion." *Id.* at 120-21, 450 P.2d at 800 (quoting *Edmonds v. Perry,* 62 Nev. 41, 140 P.2d 566 (1943)). Attached to the Sells' opposition and motion to amend was a proposed amended complaint. This amended complaint did not seek third-party visitation under NRS 125C.050, or any other type of new relief. Instead, the amended complaint merely remedied the statutory requirements for a third-party custody claim under NRS 125C.0035. Thus, the district court did not abuse its discretion by denying the Sells leave to submit an amended complaint that alleged no new cause of action and was nearly identical to their initial complaint.

*on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955 n.7, 35 P.3d 964, 969 n.7 (2001); *see also State Indus. Ins. Sys. v. Snapp*, 100 Nev. 290, 294, 680 P.2d 590, 592 (1984) (reversing an award of attorney fees pursuant to NRS 18.010(2)(a) because it was not an action for money damages); *see also State, Dep't of Human Res., Welfare Div. v. Fowler*, 109 Nev. 782, 786, 858 P.2d 375, 377 (1993) (holding the same).

NRS 18.010(2)(b) allows the district court to award attorney fees and costs to a prevailing party under certain circumstances if the claim was "brought or maintained without reasonable ground or to harass the prevailing party." This court has previously held that "an award of attorney's fees under NRS 18.010(2)(b) is discretionary with the district court." *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1095, 901 P.2d 684, 687 (1995). Additionally, this court reviews an award or denial of attorney fees under NRS 18.010(2)(b) for an abuse of discretion. *Mack-Manley v. Manley*, 122 Nev. 849, 860, 138 P.3d 525, 532-33 (2006).

At the September 28, 2017, hearing, Judge Gonzalez determined that it was in the best interest of the minor children for them to reside with Diehl, essentially eliminating any claims for custody the Sells may have had. However, when the Sells filed their complaint, the guardianship case was still being litigated and no best interest determination had been made. Further, in accordance with Judge Gonzalez's order, the Sells' argument at the later hearing focused solely on visitation and not the custody claims outlined in the complaint. Finally, until July 19, 2018, the Sells' appeal in the guardianship case was still pending. The Sells' guardianship claim was not brought frivolously under NRS 18.010(2)(b) because the Sells brought the claim before Judge Gonzalez issued the order. Nor was this claim frivolously maintained under NRS

18.010(2)(b) because an appeal of Judge Gonzalez's order was pending before this court and the focus of the Sells' argument before the district court was as to visitation and not custody. Thus, the district court's award of attorney fees was an abuse of discretion because the Sells' claims were not frivolous when filed and were not maintained frivolously.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Lisa M. Brown, District Judge, Family Court Division
Fine Carman Price
McFarling Law Group
Eighth District Court Clerk

---

[4]We have considered the parties' remaining arguments and conclude they are without merit.