IN THE SUPREME COURT OF THE STATE OF NEVADA

JENNIFER ALLISON; AND MICHAEL
ALLISON, INDIVIDUALLY AND AS
NATURAL PARENTS OF ISAAC
EVERETT ALLISON, DECEASED,
Appellants,
vs.
DIGNITY HEALTH, D/B/A ST. ROSE
DOMINICAN HOSPITAL-SIENA, A
FOREIGN NONPROFIT
CORPORATION; AND DIGNITY
HEALTH MEDICAL GROUP NEVADA,
LLC, A NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 79729

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This appeal challenges a district court summary judgment in a medical malpractice action.[1]  Eighth Judicial District Court, Clark County; William D. Kephart, Judge.  Reviewing de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellants first argue that they were entitled to present testimony on causation through their retained expert under the "loss of chance" doctrine.  But appellants waived the loss of chance doctrine by failing to raise it below.  *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that this court need not consider an argument not raised below).  Because of this, the causation inquiry regarding their malpractice claim was limited to the injuries that resulted in death, and not on a reduced chance of survival.  *Compare Perez v. Las*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

*Vegas Med. Ctr.*, 107 Nev. 1, 6, 805 P.2d 589, 592 (1991) (holding that under the loss of chance "doctrine, the injury to be redressed by the law is not defined as the death itself, but, rather, as the decreased chance of survival caused by the medical malpractice"), *with* NRS 41A.100(1) (providing that, with limited exceptions, medical malpractice cases require expert testimony establishing "causation of the alleged personal injury or death"). As such, the expert's purported testimony regarding loss-of-chance would not satisfy the assistance requirement and is therefore inadmissible. *See Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008) (providing that an expert's testimony must assist the trier of fact in understanding the evidence or resolving a factual issue to be admissible). And appellants failed to demonstrate that their retained expert, a registered nurse, had "obtained the requisite knowledge, skill, experience, or training to identify cause" of the injuries or death to be able to provide expert testimony on that issue. *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 521, 262 P.3d 360, 362 (2011) (explaining the limited circumstances in which a nurse may testify as to medical causation); *see also Adamson v. Bowker*, 85 Nev. 115, 119-20, 450 P.2d 796, 799 (1969) (holding that evidence that would be inadmissible at trial is similarly inadmissible for purposes of summary judgment determinations). Based on the foregoing, the district court did not abuse its discretion in refusing to permit the nurse to testify as an expert. *Hallmark*, 124 Nev. at 498, 189 P.3d at 650 (reviewing decisions regarding admitting expert testimony for an abuse of discretion).

Next, appellants argue that the 33 treating physicians they disclosed as potential experts negate the district court's grant of summary judgment on the basis that appellants lacked any expert witnesses to support their claims. Appellants failed, however, to produce expert reports

from these physicians and to demonstrate that the physicians formed their opinions during the course of treatment, making their testimony as experts inadmissible. *See* NRCP 16.1(a)(2) (2016) (providing the expert report requirements); *FCH1, LLC v. Rodriguez*, 130 Nev. 425, 433, 335 P.3d 183, 189 (2014) (holding that treating physicians are exempt from the report requirement to the extent their opinions were formed during the course of treatment). The district court therefore did not abuse its discretion as to this issue either.

Appellants further argue their claim that respondents' failure to staff the hospital adequately does not require expert testimony. We disagree. Adequate staffing ratios are "not within the common knowledge or experience of the jury," and thus, require expert testimony. *SunBridge Healthcare Corp. v. Penny*, 160 S.W.3d 230, 246 (Ct. App. Tex. 2005). We also disagree with appellants' contention that *Szymborski v. Spring Mountain Treatment Center* held that such determinations do not require expert testimony. 133 Nev. 638, 403 P.3d 1280 (2017). Rather, *Szymborski* simply held that expert testimony is not required where the reasonableness of a health care provider's actions are within the juror's common knowledge and experience. 133 Nev. at 642, 403 P.3d at 1285.

We also conclude that the district court did not otherwise err in granting summary judgment in favor of respondents. Because appellants failed to provide admissible expert testimony supporting their direct malpractice claims against respondents, the district court properly dismissed these claims. *See* NRS 41A.100(1)-(2). And summary judgment on the claims against the defendant nurse, which appellants did not appeal, foreclosed any vicarious liability claims against respondents arising from her actions. *See* Restatement (Third) of Torts: Apportionment Liab. § 13

(2000) (explaining that a party is vicariously liable "only for the share of plaintiff's damages for which the tortious actor is held liable"). In addition, appellants failed to provide any evidence supporting their ostensible agency theory in their motion practice below. *See McCrosky v. Carson Tahoe Reg'l Med. Ctr.*, 133 Nev. 930, 934, 408 P.3d 149, 153 (2017) (setting forth the relevant factual questions for ostensible agency); *see also* NRCP 56(c) (providing that, at the summary judgment stage, assertions must be supported by affidavits or declarations). We therefore

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:     Chief Judge, Eighth Judicial District Court
        Eighth Judicial District Court, Department 19
        Patrick N. Chapin, Settlement Judge
        Bighorn Law/Las Vegas
        Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
        Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.