141 Nev., Advance Opinion 69

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
COMMISSIONER OF INSURANCE, AS
RECEIVER OF LEWIS AND CLARK
LTC RISK RETENTION GROUP, INC.,
Appellant,
vs.
ROBERT CHUR; STEVE FOGG; MARK
GARBER; CAROL HARTER; ROBERT
HURLBUT; BARBARA LUMPKIN;
JEFF MARSHALL; AND ERIC
STICKELS,
Respondents.

No. 85668

FILED

DEC 23 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

ROBERT CHUR; STEVE FOGG; MARK
GARBER; CAROL HARTER; ROBERT
HURLBUT; BARBARA LUMPKIN;
JEFF MARSHALL; AND ERIC
STICKELS,
Appellants,
vs.
THE STATE OF NEVADA
COMMISSIONER OF INSURANCE, AS
RECEIVER OF LEWIS AND CLARK
LTC RISK RETENTION GROUP, INC.,
Respondent.

No. 85728

Consolidated appeals from a final district court judgment in a tort action following receivership challenging multiple interlocutory orders (Docket No. 85668) and from a post-judgment district court order denying attorney fees and costs (Docket No. 85728). Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

*Reversed in part, vacated in part, and remanded.*

25- 55900

Wirthlin & Verlaine and Brenoch R. Wirthlin, Las Vegas; Hutchison & Steffen, PLLC, and Robert E. Werbicky, Las Vegas,
for Appellant/Respondent the State of Nevada Commissioner of Insurance.

Garin Law Group and Angela N. Ochoa and Joseph P. Garin, Las Vegas,
for Respondents/Appellants Robert Chur, Steve Fogg, Mark Garber, Carol Harter, Robert Hurlbut, Barbara Lumpkin, Jeff Marshall, and Eric Stickels.

---

BEFORE THE SUPREME COURT, EN BANC.[1]

## OPINION

By the Court, STIGLICH, J.:

The Commissioner of Insurance for the State of Nevada was made receiver of a struggling insurer, Lewis & Clark LTC Risk Retention Group, Inc. (L&C). As receiver, the Commissioner was ordered to liquidate L&C. As part of that liquidation process, the Commissioner brought suit against two groups of defendants: (1) L&C's directors—Robert Chur, Steve Fogg, Mark Garber, Carol Harter, Robert Hurlbut, Barbara Lumpkin, Jeff Marshall, and Eric Stickels (the Directors); and (2) L&C's reinsurance brokers—Uni-Ter Underwriting Management Corp., Uni-Ter Claims Services Corp., and U.S. RE Corp. (the Corporate Defendants). The Directors were dismissed as defendants in the action after the district court denied the Commissioner leave to amend the complaint to accommodate an intervening decision by this court. *Chur v. Eighth Jud. Dist. Ct.*, 136 Nev.

---

[1]The Honorable Patricia Lee, Justice, having recused herself, did not participate in the decision in this matter.

68, 458 P.3d 336 (2020) (*Chur I*). The Commissioner argues that the change in law was sufficient reason to permit amending the complaint and that the district court thus should have granted permission to amend. We agree that the district court abused its discretion in denying the Commissioner's motion for leave to amend under these circumstances. We encourage district courts to give considerable weight in favor of granting leave to amend a complaint in light of an intervening significant change or clarification in the law. In this instance, *Chur I* changed the law regarding pleading standards for tort claims against corporate officers and directors.

Accordingly, in Docket No. 85668, we reverse the August 10, 2020, order denying the Commissioner leave to file an amended complaint and the August 13, 2020, order entering judgment in favor of the Directors. We vacate the order denying the Directors' attorney fees and costs appealed from in Docket No. 85728. We remand to the district court for proceedings consistent with this disposition.

## FACTS AND PROCEDURAL HISTORY

In 2013, the Commissioner, as receiver, moved to liquidate insurer L&C, and the district court granted the motion. Among other duties, the court authorized the Commissioner to "prosecute and to commence in the name of L&C or its own name any and all suits and legal proceedings" and to "[p]rosecute any action which may exist on behalf of the policyholders, members, or shareholders of L&C against any officer of L&C or any other person."

The Commissioner sued the Directors and the Corporate Defendants, alleging gross negligence and breaches of fiduciary duty, among other claims. After the district court denied the Directors judgment on the pleadings, the Directors challenged the action by petitioning for a writ of mandamus, and the district court stayed the proceedings. We

granted the petition and held that corporate directors and officers cannot be held personally liable for gross negligence in the performance of their fiduciary duties. *Chur I*, 136 Nev. at 74-75, 458 P.3d at 342. Personal liability may arise only for intentional misconduct, fraud, or a knowing violation of the law. *Id.* Because the Commissioner pleaded only gross negligence by the Directors, we directed the district court to grant the Directors' motion for judgment on the pleadings, thereby dismissing them from the case. *Id.* We deferred "to the discretion of the trial court whether to grant the Commissioner leave to amend the complaint." *Id.*

One day after the district court lifted the stay it had imposed during the pendency of the petition resolved in *Chur I*, the Commissioner moved for leave to file an amended complaint. The Commissioner justified the amendment on "the recent change in Nevada law which substantially change[d] the pleading requirements in Nevada." The Commissioner explained that the complaint had relied on the previous standard and needed to add factual allegations to meet the standard clarified in *Chur I*.

The proposed amended complaint alleged that each Director breached fiduciary duties owed to L&C and that the business judgment rule did not protect those breaches. The Commissioner asserted that the breaches involved intentional and knowing misconduct and/or knowing violations of the law. The Commissioner alleged that the Directors had legal and contractual obligations to L&C, knew the risks of relying on an unlicensed reinsurance broker (i.e., the Corporate Defendants), knew of inaccurate or incomplete financial information, failed to properly execute agreements, failed to amend business plans as needed, approved projects outside the entity's underwriting guidelines, and operated L&C in a

hazardous financial condition, all in violation of several Nevada statutes and regulations, causing substantial damages.

The Directors opposed the Commissioner's motion for leave to amend, asserting that the Commissioner had known the factual bases of these amendments and the allegation of a knowing violation of the law was untimely. The Directors thus argued the Commissioner acted in bad faith.

The district court denied the Commissioner's motion for leave to amend, concluding that the motion was untimely, the Commissioner improperly delayed asserting the new allegations in the proposed amended complaint, amendment of the complaint would prejudice the Directors, and the proposed new claims for relief did not relate back to the original complaint and were therefore time-barred. The court therefore entered judgment for the Directors. The Commissioner appeals, challenging the judgment and the denial of leave to amend in Docket No. 85668.[2]

After the Directors were dismissed as defendants, they moved for attorney fees and costs based on an offer of judgment. The Commissioner argued that, as receiver, he was entitled to absolute immunity from such fees and costs. The district court agreed and denied the request for fees and costs. The Directors appeal that order denying attorney fees and costs in Docket No. 85728.[3]

---

[2]The Commissioner ultimately prevailed against the Corporate Defendants following a jury trial and filed this appeal after that proceeding concluded.

[3]These appeals were consolidated with the appeals in Docket Nos. 85907 and 87367. We now deconsolidate these appeals for the purposes of disposition and direct the clerk of this court to modify the caption accordingly. Docket Nos. 85668 and 85728 are to remain consolidated.

## DISCUSSION

*Leave to file an amended complaint should have been given in light of the change of law pronounced by* Chur I

The Commissioner argues that the district court abused its discretion by denying the motion for leave to file an amended complaint, failing to follow the common practice of allowing a litigant an opportunity to amend their pleadings to align with any changes in the law. The Directors counter that *Chur I* did not effect a change in the law and that the Commissioner did not need *Chur I* to make the allegations raised. We agree with the Commissioner that *Chur I* effected a material change in the law and that the district court should have permitted the amendment.

We review the denial of a motion for leave to amend a complaint for an abuse of discretion, *MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 239, 416 P.3d 249, 254 (2018), and we review questions of law de novo, *Hudson v. Horseshoe Club Operating Co.*, 112 Nev. 446, 452, 916 P.2d 786, 790 (1996). Pursuant to NRCP 15(a)(2), a party may amend its pleading with the court's leave, which should be given freely when justice so requires. *MEI-GSR Holdings*, 134 Nev. at 239, 416 P.3d at 254. "[T]his mandate is to be heeded." *Adamson v. Bowker*, 85 Nev. 115, 121, 450 P.2d 796, 800 (1969) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Preliminarily, we note that it is generally appropriate to grant leave to amend when there is a change in the law. *See* 61A *Am. Jur. 2d Pleading* § 675 (stating that "[l]eave to amend should be granted liberally when the law governing the point that is the subject matter of the proposed amendment is revised during the pendency of the litigation"). A change in law occurs when a decision "generally or substantively alter[s] existing law, such as by overruling it, or creating a significant shift in a court's analysis." *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

216, 224 (D. Ariz. 2012) (addressing when a change in law occurs in the context of a motion to alter or amend a judgment). In *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013 (9th Cir. 2014), the Ninth Circuit Court of Appeals noted that "[i]t is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile." *Id.* at 1028. That court remanded the proceedings to allow plaintiffs to amend their complaint to reflect a new test adopted by the United States Supreme Court for determining how a federal Alien Tort Statute claim may be brought. *Id.* at 1027. Similarly, in *Moss v. United States Secret Service*, 572 F.3d 962 (9th Cir. 2009), the plaintiffs had argued for leave to amend a complaint when the law changed and rendered the complaint deficient. *Id.* at 972. The court there explained that the recent cases imposed a new pleading standard that was "a significant change, with broad-reaching implications." *Id.* The court thus concluded that "[h]aving initiated the present lawsuit without the benefit of the Court's latest pronouncements on the pleadings, Plaintiffs deserve a chance to supplement their complaint with factual content in the manner that [their cases] require." *Id.*

Chur I *effected a change in the law*

*Chur I* contemplated whether claims against individual corporate directors and officers alleging breach of the fiduciary duty of care may rest on allegations of gross negligence. 136 Nev. at 74-75, 458 P.3d at 342. This court concluded that claims of individual liability against those individuals may only be brought under NRS 78.138(7), *id.* at 69, 458 P.3d at 338, and NRS 78.138(7)(b) required showing both a breach of fiduciary duty and "intentional misconduct, fraud or a knowing violation of law." We thus concluded that the Commissioner's gross negligence-based claims were not actionable. *Id.* at 69, 458 P.3d at 338. *Chur I* departed from a prior

standard set forth in *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 137 P.3d 1171 (2006), to the extent *Shoen* implied a bifurcated approach for establishing breaches of the fiduciary duties of care and loyalty, including the standard of gross negligence.[4] *Chur I*, 136 Nev. at 72, 458 P.3d at 340 (disavowing *Shoen* in part). In doing so, *Chur I* recognized that requiring *knowledge* of the alleged conduct "is an appreciably higher standard than gross negligence." *Id.* at 75, 458 P.3d at 342 (internal quotation marks omitted). *Chur I*, however, left "it to the discretion of the trial court whether to grant the Commissioner leave to amend the complaint" to comply with the new decision. *Id.*

### Allowing amendment was warranted

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (applying the analogous federal rule); *see Willard v. Berry-Hinckley Indus.*, 139 Nev. 516, 523, 539 P.3d 250, 257 (2023) (explaining that decisions interpreting analogous federal rules provide persuasive authority in interpreting the NRCP). The Directors argue that denying leave to amend the complaint was justified in light of the Rule 15(a) factors that the Ninth Circuit recognized in *Johnson*, 356 F.3d at 1077. Considering each

---

[4]While the Directors correctly observe that NRS 78.138(7)(b)(2) predated *Chur I*, *Shoen* was unclear as to what claims of director misconduct it applied to, and thus *Chur I* was needed to clarify that "NRS 78.138(7) provides the sole avenue to hold directors and officers individually liable for damages arising from official conduct." 136 Nev. at 72-73, 458 P.3d at 340.

in turn, we disagree and conclude that the district court abused its discretion.

The Commissioner first argues that he acted in good faith in seeking to amend the complaint to comply with *Chur I* because it was reasonable to rely on *Shoen* in filing the original complaint. The Commissioner argues that it is unreasonable to require a party to "predict the future" when drafting a complaint. That is, *Chur I* was not law when the original complaint was filed, and thus the complaint could not have reflected that future change in law. The Directors counter that the Commissioner acted in bad faith by moving to amend the complaint after the matter had been pending for years.

Bad faith may exist in this context when a plaintiff withholds known facts for an extended period "without satisfactory explanation," changes substantive facts from one filing to the next to avoid dismissal, or pursues claims known to be baseless. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198-200 (4th Cir. 2022). While the district court did not make specific findings on bad faith, we can "consider those matters that are contained in the record made by the court below and the necessary inferences that can be drawn therefrom." *Mack v. Est. of Mack*, 125 Nev. 80, 91, 206 P.3d 98, 106 (2009). The Commissioner here moved to amend the complaint one day after the district court's stay was lifted. The proposed amendment did not change substantive facts but sought to comply with *Chur I*. Further, the Commissioner did not pursue claims known to be unsupported by law because *Chur I* was not the law when the Commissioner filed the previous complaint. Moreover, we conclude the Directors have failed to show bad faith in relation to discovery tactics. Insofar as the Directors argue that the Commissioner failed to

provide an adequate NRCP 30(b)(6) witness, this fails to establish bad faith, as it does not bear on the Commissioner's reasons to amend and whether moving to do so was in bad faith. Thus, we conclude that the record does not indicate bad faith in this regard.

Next, the Directors argue that it would be unduly prejudicial to require them to litigate the Commissioner's claims without sufficient time for discovery and to incur significant additional legal fees if new depositions were needed. We disagree.

Typically, undue prejudice might occur when an amendment introduces an entirely new claim, it immediately precedes trial, it improperly delays a final disposition, witnesses are no longer available, or it necessitates substantially more discovery. *A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975). Denying "leave to amend[ ] based solely on delay and litigation expense" may be an abuse of discretion, however, and the mere fact that a litigant has spent years litigating to considerable expense, does not, on its own, constitute undue prejudice. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

Given the change in the law, it was necessary for the Directors to defend against the Commissioner's allegations, consistent with *Chur I*. While it may be inconvenient or more costly, those considerations do not outweigh the justice in permitting the Commissioner to amend the pleadings to comport with *Chur I*. The proposed amendment here neither preceded an imminent trial nor unduly delayed a final disposition. While the Directors assert that several witnesses have become unavailable, their unavailability is not attributable to the timing of the Commissioner's motion for leave to amend the complaint but, rather, delay between the

district court's denial of that motion and the Commissioner's ability to challenge that interlocutory order in an appeal from the final judgment. Any prejudice this unavailability poses is unfortunate, but the motion for leave to amend did not present *undue* prejudice on the basis of the delay between the motion's denial, review of that denial on appeal, and a prospective remand. Further, given that the amended complaint sought to conform the standard alleged to the changed law without deviating much from the substantive factual allegations, the Directors have not shown that the amendment would require substantially more discovery. Denying the Commissioner's motion for leave to amend effectively foreclosed resolving his allegations on the correct law pronounced in *Chur I*. Such an outcome is unjust.

The Directors next argue that the Commissioner's amendment would be futile for several reasons. They maintain that the proposed amended complaint failed to state viable claims because regulatory violations do not present intentional violations of the law, the statute of limitations bars the claims, and an NRS 695E.200 claim fails as a matter of law. We disagree. We first conclude the amendment permissibly sought to advance a potentially viable tort claim and was thus not futile; we next conclude that the Directors' arguments to the contrary lack merit.

"A proposed amendment may be deemed futile if the plaintiff seeks to amend the complaint in order to plead an impermissible claim." *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 129 Nev. 394, 398, 302 P.3d 1148, 1152 (2013). Moreover, "[a]mendment is futile if a proposed amended complaint is frivolous or advances a claim or defense that is legally insufficient on its face." *Harris v. Steadman*, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016) (internal quotation marks omitted). Thus, "[a] court may deny a

request for leave to amend based on futility only where the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.*

We conclude the Commissioner's proposed amended complaint was not futile because the amendment sought to plead a permissible claim of intentional misconduct, where the previous complaint did not plead the breach of fiduciary duty claim under the standard that NRS 78.138(7) demands, as set forth in *Chur I*. *See Doe I*, 69 F. Supp. 3d at 96-97 (reasoning that the moving party needed to restate their claims and allege "additional facts so that they may show that these claims sufficiently" meet the new standard pronounced in the change of law).

Nevertheless, the Directors argue that amendment is futile because regulatory violations cannot constitute negligence per se, and thus they likewise may not constitute intentional violations of the law. We disagree.

The Directors point to NAC 694C.300, which prohibits a person from acting as a manager, broker, or agent for a captive insurer without authorization from the Commissioner. The Directors similarly acknowledge NAC 683A.530(7), which sets out rules relating to a managing general agent's ability to bind reinsurance or retrocessions on behalf of an insurer. The Commissioner's proposed complaint alleges violations of both regulations. The Directors do not explain how, if found to have violated these regulations, such acts cannot constitute violations of law under NRS 78.138(7)(b)(2) should the Commissioner prove that the Directors violated the regulations knowingly. *Cf.* NRS 233B.040(1)(a) (providing that the NAC has "the force of law"). The Directors take *Price v. Sinnott*, 85 Nev. 600, 460 P.2d 837 (1969), entirely out of context in their reliance here. *Price*

determined that "proof of a deviation from an administrative regulation is only evidence of negligence; not negligence per se." *Id.* at 605, 460 P.2d at 840. But *Price* does not support the proposition that knowingly violating an administrative regulation cannot be a knowing violation of the law. *See generally id.* We conclude that the Directors have failed to show futility in this regard.

The Directors further argue that the amended complaint would be futile as barred by the applicable statute of limitations in NRS 11.190(4)(e). We again disagree.

NRS 11.190(4)(e) provides a two-year limitation period for tort claims. Thus, if newly asserted, the Commissioner's breach of fiduciary duty claim would be time-barred. But an amended pleading relates back to the date of the original pleading and thus is not time-barred if the original pleading is timely when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." NRCP 15(c)(1).

Here, the amendment asserts a claim that arose out of the Directors' conduct related to L&C and its insolvency—just as the claims raised in the Commissioner's original complaint—and thus the claim arises from the conduct challenged in the original, timely complaint. Accordingly, the amendment relates back and was not barred by the statute of limitations. We conclude that the Directors have failed to show futility in this regard as well.

Finally, the Directors also argue the Commissioner's NRS 695E.200 claim fails as a matter of law and is thus futile. Among other actions, NRS 695E.200 prohibits risk retention groups from transacting or otherwise operating "while financially impaired or in a hazardous financial

condition." NRS 695E.200(3). Despite this, the Directors argue that they "were well within their rights to continue operations following the course of conduct of selling policies to increase capital, while implement[ing] different underwriting policies to prevent inclusion of risky insureds."

The Directors miss the mark, as whether they "were well within their rights to continue operations" is not material to whether the Commissioner should have received leave to amend the complaint to allege misconduct. At this stage, the Commissioner needs only to set forth sufficient facts to state the elements of a claim for relief. *See* NRCP 8. And the Commissioner alleges facts going to the heart of NRS 695E.200— whether the Directors operated L&C while in a hazardous financial condition. Thus, the Commissioner did not improperly invoke NRS 695E.200, and the Directors have failed to show futility on this basis.

In sum, we conclude that the district court abused its discretion in denying the Commissioner leave to amend the complaint. Although the district court has discretion to deny amendment for various reasons, it is unacceptable to preclude a plaintiff from amending a pleading to address a newly clarified standard just announced when doing so is in the interest of justice and not otherwise futile. Precluding amendment in such circumstances would starkly deviate from NRCP 15's mandate that the "court should freely give leave when justice so requires."

*The Commissioner is not estopped from amending the complaint*

The Directors next argue that the Commissioner should be estopped from seeking leave to amend because the Commissioner was not aggrieved by the final judgment, as he prevailed against the Corporate Defendants below. The Directors also argue that the Commissioner should be estopped from proceeding on a different legal theory than he pursued in the original trial against the Corporate Defendants. The Commissioner

counters that he was aggrieved because he sought relief against the Directors but was denied relief when he could not file the amended complaint following *Chur I*. The Commissioner further disputes the Directors' characterizations of their positions and retorts that the Commissioner's positions are not inconsistent in arguing that both the Corporate Defendants and the Directors committed tortious misconduct.

"A party who is aggrieved by an appealable judgment or order may appeal from that judgment or order, with or without first moving for a new trial." NRAP 3A(a). Such an appeal in a civil action may be made when there is "[a] final judgment entered in an action or proceeding commenced in the court in which the judgment is rendered." NRAP 3A(b)(1). A judgment is considered final when it "disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000).

Judicial estoppel applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287, 163 P.3d 462, 468-69 (2007) (internal quotation marks omitted).

The district court's December 30, 2021, judgment for the Commissioner was final because it resolved the claims brought against the Corporate Defendants and awarded damages—the Directors having previously been dismissed as defendants—thereby leaving nothing for

future consideration of the district court. Before such finality, the order denying the Commissioner leave to amend restricted the Commissioner's ability to bring suit against the Directors as receiver. *Cf. Comm'r of Ins. v. Eighth Jud. Dist. Ct.*, No. 81857, 2020 WL 6742953 (Nev. Nov. 13, 2020) (Order Denying Petition) (denying a mandamus petition challenging the order denying leave to amend because the Commissioner had an adequate remedy). Despite the Commissioner's successful suit against the Corporate Defendants, the Commissioner was still aggrieved by the pertinent order because it could not litigate against the Directors. Thus, it was appropriate for the Commissioner to appeal from the judgment against the Corporate Defendants.

Further, our review of the record and the pleadings does not reveal any inconsistency in the Commissioner's positions so egregious for estoppel to justify precluding amendment of the complaint. The Directors may raise judicial estoppel as an affirmative defense to any of the Commissioner's claims, NRCP 8(c)(1)(G), and the district court is appropriately situated to rule on such a defense. But a purported inconsistency disputed by the opposing party does not furnish a basis to refuse leave to amend a complaint.

The Directors also claim that, because they were no longer parties at trial, the Commissioner could have sought all damages from the Corporate Defendants. Whether the Commissioner should or could have sought all potential damages from the Corporate Defendants is immaterial to the claims the Commissioner sought to pursue against the Directors. Similarly, the Directors argue that the Commissioner could have argued to the jury that the Directors were partially liable. This argument does not

affect our determination because the Directors had been dismissed and were not parties in the original trial against the Corporate Defendants.

*In light of this disposition we vacate the award of attorney fees*

The Directors argue that they are entitled to recover attorney fees after having made an offer of judgment to the Commissioner and prevailing when they were dismissed from the action. The district court found the fees incurred were reasonable and necessary but declined to award attorney fees, instead ruling that the Commissioner was statutorily immune from such under NRS 696B.565. The Directors argue that the finding of immunity was error.

We generally review a district court's decision denying attorney fees and costs for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014). NRCP 68 provides that a party is entitled to recover attorney fees when it makes an offer of judgment to the counterparty and the counterparty fails to obtain a more favorable outcome, NRCP 68(f)(1), such as when the offeror is the prevailing party. Prevailing parties may also recover costs. NRS 18.020. Where a district court's order in favor of respondents is reversed, respondents are no longer the prevailing party, and awarding attorney fees is inappropriate. *Cain v. Price*, 134 Nev. 193, 198, 415 P.3d 25, 30 (2018). Vacating an attorney fees award is warranted when the underlying order is reversed. *Roe v. Roe*, 139 Nev. 163, 183, 535 P.3d 274, 293 (Ct. App. 2023).

NRS 696B.565(1) provides the Commissioner with immunity from liability "for any claim for damage to or loss of property or personal injury or other civil liability caused by or resulting from any alleged act, error or omission" by the Commissioner or its agents in fulfilling their duties. Statutory immunity constitutes an affirmative defense that must be raised or is subject to waiver. *See Webb ex rel. Webb v. Clark Cnty. Sch.*

*Dist.*, 125 Nev. 611, 619-20, 218 P.3d 1239, 1245-46 (2009) (considering statutory immunity under the federal Coverdell Act). Where a threshold requirement is not met, however, an appellate court need not resolve whether a viable defense has been raised. *Price Trucking Corp. v. Norampac Indus., Inc.*, 748 F.3d 75, 81 n.6 (2d Cir. 2014).

Here, the district court found that the Directors made an offer of judgment that was reasonable in amount and timing and that the attorney fees and costs were reasonable but that the Commissioner was immune from liability for attorney fees and costs under NRS 696B.565. Given our reversal of the judgment entered in favor of the Directors and the order refusing leave to file an amended complaint, the Directors at this point are not prevailing parties, notwithstanding that the district court did not award fees and costs below. We therefore vacate the district court order in Docket No. 85728. As the Directors' motion for attorney fees and costs fails on this threshold issue, we need not reach whether the Commissioner raised a viable affirmative defense.

## CONCLUSION

We encourage district courts to liberally grant leave to file amended pleadings when the law governing a proceeding changes while the proceeding is ongoing. Such amendment promotes resolving disputes on their merits and works against the unjust circumstance where a party commences an action only to have the legal ground beneath its feet shift as the litigation plays out. *Chur I* changed the law regarding pleading standards for tort claims against corporate officers and directors, and the district court should have given more weight to that consideration in reviewing the Commissioner's motion for leave to file an amended complaint. We reverse the district court's August 10, 2020, order denying the Commissioner leave to file an amended complaint and the August 13,

Supreme Court
OF
Nevada

(O) 1947A

2020, order entering judgment in favor of the Directors in Docket No. 85668 and remand for further proceedings. We further vacate the order denying attorney fees challenged in Docket No. 85728.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Bell

_____, J.
Cadish

Supreme Court
of
Nevada

(O) 1947A